IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH JACKSON, VAN HANTE, TERESSA DEAN, and CHRISTINE SHAW, and a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:09CV4189 Judge Kendall |
| THE PAYDAY LOAN STORE OF ILLINOIS, INC., d/b/a PAY DAY LOAN STORE , | ) ) ) ) | Magistrate Judge Nolan |
| Defendant. | ) ) | |

**PLAINTIFF JACKSON'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL ARBITRATION OF HER CLAIMS AND STAY PROCEEDINGS**

The motion to compel arbitration brought by Payday Loan Store of Illinois, Inc. ("Payday Loan") should be denied, because arbitration under the contract is impossible. The contract requires that the arbitration be conducted by either the National Arbitration Forum ("NAF"), the American Arbitration Association ("AAA"), or JAMS. None of these organizations will conduct the arbitration. The NAF is barred from accepting consumer finance arbitration cases. The AAA has imposed a moratorium on accepting such cases. And both the AAA and JAMS have established due process standards which are violated by the loan agreements at issue.

**I.     BACKGROUND**

Plaintiff Deborah Jackson's claims were removed to this Court from the Municipal Department of the Circuit Court of Cook County, where it was filed as a small claim. (Docket No. 1.) The claims of Ms. Jackson have been consolidated with those of plaintiffs Van Hante, Teressa Dean and Christine Shaw. (Docket No. 24 (attached as Exhibit 1).)[1]

---

[1] In this brief, references to docket entries, unless otherwise indicated, refer to the docket the *Jackson* case (Case No. 1:09CV4189).

The motion of Payday Loan was filed on August 19, 2009, with respect to the claims brought by Ms. Jackson.  (Docket Nos. 15 & 16.)  In its supporting memorandum, Payday Loan states that it "has elected arbitration pursuant to [arbitration] agreements... Therefore, plaintiff [Jackson] should be compelled to arbitrate her claims against defendant...."  (Docket No. 16 at 2.)  This election was repeated in a letter sent to Ms. Jackson's counsel, stating that "our client... elects to have Ms. Jackson's dispute resolved by binding arbitration."  (*Id*., Exhibit 2.)

## II.     ARBITRATION IS IMPOSSIBLE

Payday Loan discusses the applicability of the Federal Arbitration Act, 9 U.S.C. §1 *et seq*. ("FAA"), and claims that Ms. Jackson agreed to arbitration of her claims.  (*Id*. at 2-6.)  The agreement specifically authorizes only three organizations – NAF, the AAA and JAMS – to handle the arbitration.  (Exhibit 1 at Exhibits A & C.)  Defendant says nothing about whether any arbitration organization authorized by the contract actually would take on the arbitration.  Defendant does not identify *which* arbitration organization it would select to administer the arbitration.  In fact, none of the organizations allowed to arbitrate are available to do so.

### A.     *The NAF is barred from accepting the dispute*

On July 14, 2009, the State of Minnesota filed a complaint against the NAF and its affiliates.  The state alleged that the NAF was handling arbitrations for a law firm with common ownership, while concealing the financial interest, and fraudulently holding itself out as a neutral, disinterested arbitrator.  (See Exhibit 2 (complaint in *Minnesota v. National Arbitration Forum Inc.*, No. 27-CV-09-18550 (Hennepin Co. (Minn.) Dist. Ct.).)  The state specifically alleged that the NAF "works alongside creditors behind the scenes – against the interests of consumers," in order to obtain business from those creditors through pre-dispute mandatory arbitration clauses in form contracts.  (*Id.*, ¶1. See *id.*, ¶¶19-25 (NAF representing its independence and impartiality), and *id*., ¶¶86-112 (NAF's collusive conduct with creditors from

which NAF sought business).)

On July 17, 2009, the NAF and its affiliates entered into an agreement with the State of Minnesota, under which it is barred from arbitrating any claims based on consumer loans. The NAF is specifically prohibited from engaging in any "consumer arbitration" – defined in the consent judgment as "any arbitration involving a dispute between a business entity and a private individual which relates to goods, services or property of any kind allegedly provided by any business entity to the individual, or payment for such goods, services or property" – on or after July 24, 2009. (Exhibit 1 at Exhibit N, ¶¶1-3.) The agreement was intended "to require the *complete divestiture* by the NAF Entities of any business related to the arbitration of consumer disputes." (*Id*. (emphasis added).)

### B. *The AAA has imposed a moratorium on accepting consumer disputes*

In the aftermath of the NAF settlement, the AAA imposed a moratorium on accepting any new cases which involve "consumer debt collections programs or bulk filings and **individual case filings in which the company is the filing party and the consumer has not agreed to arbitrate at the time of the dispute and the case involves... a consumer finance matter.**" (Exhibit 1 at Exhibit O (emphasis added).) This moratorium was specifically mentioned in testimony presented by the AAA at a hearing held by the Domestic Policy Subcommittee of the House Oversight Committee on July 22, 2009. (*Id.* at Exhibit Q, at 3.)

Ms. Jackson's claims are based upon consumer loans made to her. Payday Loan is the party demanding arbitration. The moratorium does provide that "the AAA will continue to administer **all demands for arbitration filed** by consumers against businesses...." (Exhibit 1 at Exhibit O (emphasis added).) The clear intent of this provision is to allow arbitration whenever a consumer desires to have claims arbitrated, after the claims arise. It is the stated position of Ms. Jackson that she does *not* want to have her claims arbitrated, but to have them litigated.

(Docket No. 24, ¶¶43-44.)  This was the case when her dispute arose.  (See Docket No. 1 (notice of removal).)  By contrast, Payday Loan states in its motion that "defendant has elected arbitration...."  A letter from Payday Loan's counsel reiterates that Payday Loan "elects to have Ms. Jackson's dispute resolved by binding arbitration."  (Docket No. 16 at 2 and Exhibit 2.)  Thus, under the terms of the moratorium, Payday Loan would be the "filing party," for arbitration.  The AAA moratorium therefore applies to Ms. Jackson's claims.

   C. ***The contract does not meet AAA due process standards***

  The AAA has also established – prior to the events of July 2009 – a "Consumer Due Process Protocol," which applies to any consumer arbitration that it would handle.  (*Id*. at Exhibit P.)  In testimony before the Domestic Policy Subcommittee of the House Oversight and Government Reform Committee, submitted on July 23, 2009, Richard W. Naimark, on behalf of the AAA, said that the AAA "will not administer an arbitration that does not materially comply with the provisions of the Consumer Protocol."  (*Id.* at Exhibit Q, at 3.)

  Principle 1 of the AAA Consumer Due Process Protocol provides that the arbitration process be "fundamentally fair."  In commentary on this principle, the AAA noted that "ADR agreements in most consumer contracts are 'take-it-or-leave-it' contracts which are not products of negotiation by consumers...."  The drafters of Principle 1 therefore "believed it necessary to describe a baseline of reasonable expectations for ADR in consumer transactions. These principles identify specific minimum due process standards which embody the concept of fundamental fairness...." (*Id.* at Exhibit P, at 6.)

  Principle 5 of the AAA Consumer Due Process Protocol, entitled "Small Claims," provides that "Consumer ADR agreements should make it clear that all parties retain the right to seek relief in a small claims court for disputes or claims within the scope of its jurisdiction."  (*Id.* at 10.)

Here, the contract provides Payday Loan with the unilateral right to seek the arbitration of any claim – however small – brought against it. Ms. Jackson brought an individual small claims action in the Municipal Department of the Circuit Court of Cook County, seeking damages of less than $10,000. Ms. Jackson specifically sought $6,058.56, plus attorney's fees and costs. (Docket No. 1.) Her claims therefore meet the definition of "small claim" found in Ill.Sup.Ct.R. 281. Ms. Jackson's removed claims are still small claims, and will not be accepted for arbitration by the AAA.

### D. *The contract does not meet the due process standards of JAMS*

The fact that the contract gives Payday Loan to the unilateral right to send any claim to arbitration also violates the "Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses – Minimum Standards of Procedural Fairness" established by JAMS on July 15, 2009. Under this policy, JAMS will arbitrate a consumer dispute "only if the contract arbitration clause and specified applicable rules comply with the following minimum standards of fairness." One of these standards provides that arbitration agreements must be written so that "no party shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction." (Exhibit 1 at Exhibit R.) As Payday Loan can unilaterally nullify a consumer's choice to litigate in small claims court – and has actually done so here – the JAMS Minimum Standards of Procedural Fairness are not met and, therefore, JAMS will not handle this dispute.[2]

---

[2] The upheaval in the consumer arbitration industry has caused the consumer lending industry to rethink its use of arbitration. For example, shortly after the NAF consent decree was signed, the AAA moratorium was put in place, and the JAMS minimum standards were published, Bank of America decided to remove mandatory arbitration clauses from its consumer loan contracts. Sidel, R.*,* "Bank of America Ends Arbitration Practice – Consumer Disputes Can Now Go to Courts; Rivals Like Citigroup Continue to 'Monitor Events,'" *Wall Street Journal*, August 14, 2009 at C3. (Exhibit 3.) Defendant was aware of this upheaval when the motion to compel arbitration was filed, on account of its receipt of the complaint in the *Hante* matter, which described the actions taken by NAF, the AAA and JAMS. (Case No. 1:09CV4642, Docket Nos. 1 & 8.)

### E. *Arguments in favor of arbitration cannot prevail*

Defendant cites cases for the proposition that the FAA states a clear policy in favor of arbitration whenever an arbitration agreement exists. All of these cases are distinguishable. Here, as the three organizations identified in the contract will not serve as the administrator of the arbitration, performance under the contract is impossible. The preference of arbitration stated in federal law cannot be applied where arbitration cannot occur. The cases cited in defendant's brief for are therefore distinguishable.

Payday Loan therefore misstates the law when it claims that "if an agreement to arbitrate exists and the claims presented are within the scope of that agreement, the FAA requires the court to stay the action and send the parties to arbitration." (Docket No. 16 at 4.) This is not true if there are no grounds to enforce the contract – on account of impossibility, or unconscionability, or another reason.

The situation here, and the result that follows, is described by the *Second Restatement of Contracts*, §261:

> **Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.**

Furthermore, a Court "cannot compel a party to arbitrate a dispute before someone other than [a designated arbitrator] when that party had agreed to arbitrate disputes only before [that arbitrator] and [that arbitrator], in turn... has refused the use of its facilities to arbitrate the dispute in question." *In re Salomon Inc. Shareholders' Derivative Litig.*, 68 F.3d 554, 557-558 (2d Cir. 1995); *accord*, *Martinez v. Master Protection Corp.*, 118 Cal.App.4th 107, 120-121; 12 Cal.Rptr.3d 663, 673-675 (Cal. Ct. App. 2004). Here, Payday Loan limited the arbitration to one of three organizations, expressly named in the contract. None are available, and the contract has

no provision for the substitution of an unnamed arbitrator. Payday Loan does not have the right to ask this Court to find a less conscientious arbitrator. Thus, arbitration cannot be compelled.

### III. CONCLUSION

In light of the foregoing, the motion to compel arbitration should be denied.

Respectfully submitted,

/s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

### CERTIFICATE OF SERVICE

I, Thomas E. Soule, hereby certify that the preceding document, and all attachments to it, were filed with the Court on October 7, 2009, and that the same documents were served upon counsel for defendant (cvarga@vblhc.com, jledsky@vblhc.com, shelfand@vblhc.com) by operation of the Court's electronic filing system, on the same date.

/s/ Thomas E. Soule
Thomas E. Soule