IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH JACKSON, VAN HANTE, TERESSA DEAN, and CHRISTINE SHAW, and a class of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  09-CV-04189 |
| THE PAYDAY LOAN STORE OF ILLINOIS, INC., d/b/a PAY DAY LOAN STORE, | ) ) ) | Judge Kendall |
| Defendant. | ) ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

At the scheduled status hearing on Tuesday, January 19, 2010, this Court announced to the parties the Court's decision to grant Defendant's motion to compel individual arbitration and that the Court's opinion would be released shortly. Plaintiffs, then, noted their two just filed motions: (1) Plaintiffs' motion to cite new authority, and (2) Plaintiffs' motion for judicial notice. This Court stated that the Court had reviewed Plaintiffs' motion to cite new authority, would grant that motion, but found the so-called new authority (a trial court decision from the Circuit Court of Cook County) unpersuasive. This Court, then, stated that this Court had not seen Plaintiffs' motion for judicial notice, which Plaintiffs had filed electronically late the previous afternoon (on Martin Luther King Day, a federal holiday).

Plaintiff's motion for judicial notice should not alter this Court's intention to grant Defendant's motion to compel individual arbitration. Plaintiffs' motion for judicial notice directs this Court to another trial court decision (this time from the Municipal Court of the Circuit Court of Cook County). This decision is a one-sentence order denying a motion to compel arbitration. This one sentence order is not binding on this Court and is, obviously, much less persuasive than the other trial court decision just cited by Plaintiffs, which this Court found unpersuasive.

Plaintiffs' motion for judicial notice also notes that Defendant, represented by different counsel in the Municipal Court lawsuit, presented a different basis in support of its motion to compel arbitration: that the arbitration agreement evidenced the parties' agreement to arbitrate certain disputes, if one party elected arbitration, despite the plaintiff's contention that the arbitration organizations identified in the arbitration agreement would not accept a consumer finance arbitration. The Municipal Court judge denied the motion to compel arbitration without any explanation or comment and without expressing any insight into or analysis of the various arguments presented by the parties.

Here, in this lawsuit, the parties' extensive and multiple memoranda present a much different record. In this lawsuit, both parties cite pronouncements by the American Arbitration Association (the "AAA") regarding its moratorium on "consumer debt collection arbitrations." This Court's stated intention on January 19 to grant Defendant's motion to compel individual arbitration should not change due to any omission of Defendant when represented by different counsel in a different lawsuit. In the Municipal Court lawsuit, Defendant did not cite the AAA's pronouncements on its moratorium on "consumer debt collection arbitrations," and the parties did not debate the scope of the AAA's moratorium or the proper interpretation of the AAA's pronouncements. As this Court knows, the interpretation of the AAA's pronouncements is a key issue in Defendant's pending motion to compel individual arbitration. Defendant's briefs in the Municipal Court lawsuit, with no cite to any of the AAA's pronouncements (and with no cite to any authority other than to the plaintiff's counsel's belief), and the Municipal Court's one-sentence order offer no insight into a key issue in this lawsuit.

Plaintiffs' motion for judicial notice, curiously, does not argue that any statement by Defendant in the Municipal Court lawsuit demands that this Court rule against Defendant in this lawsuit. And no such argument exists.

First, this Court has recognized that, although a court may take judicial notice of the fact that pleadings have been filed in another lawsuit, a court may not take judicial notice of the truth of the matters asserted in those pleadings.  See Limestone v. Dev. Corp. v. Village of Lemont, 473 F. Supp. 2d 858, 868 n. 3 (N.D. Ill. 2007) (Kendall, J.) (taking judicial notice of the fact that certain pleadings were filed, but refusing to take judicial notice of the truth of the matters asserted in those pleadings). This Court's position is well grounded in Seventh Circuit precedent.  See Opoka v. Immigration & Naturalization Serv., 94 F. 3d 392, 395 (7th Cir. 1996) (citing with approval cases finding, among other things, that a court may not take judicial notice of the truth of matters asserted in documents filed in other proceedings).  And courts in this district have repeatedly applied that precedent.  See, e.g., ABN AMRO, Inc. v. Capital Int'l Ltd., 04-3123, 2007 WL 845046, * 9 (N.D. Ill. Mar. 16, 2007) (Filip, J.) (refusing to take judicial notice against the plaintiff based on statements the plaintiff made in a complaint the plaintiff filed in another case).

Second, judicial estoppel does not prevent Defendant from advocating a different basis to support a motion to compel arbitration in this lawsuit.  As the Seventh Circuit has explained, for judicial estoppel to apply, among other factors, "the party to be estopped must have prevailed upon the first court to adopt the position."  Urbana v. Cent. States, Southeast & Southwest Areas Pension Fund, 421 F.3d 580, 588 (7th Cir. 2005).  The Municipal Court judge denied Defendant's motion to compel arbitration in the Municipal Court lawsuit.  The Seventh Circuit has long recognized that "a litigant is not forever bound to a losing argument."  See Levinson v. U.S., 969 F.2d 260, 264-65 (7th Cir. 1992).

The arguments presented by Defendant in this lawsuit in support of its motion to compel individual arbitration are strong.  The AAA's pronouncements demonstrate that the AAA's moratorium is limited to "consumer debt collection arbitrations."  The AAA's moratorium does not encompass consumer-initiated claims against a creditor.  Plaintiffs' motion for judicial notice should

3

not alter this Court's announced intention: to grant Defendant's motion to compel individual arbitration.

Dated: January 22, 2010

Respectfully submitted,

**PAYDAY LOAN STORE OF ILLINOIS, INC. d/b/a PAYDAY LOAN STORE**,

By:    s/Jonathan N. Ledsky
        One of Its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Scott J. Helfand
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the foregoing, **Defendant's Response To Plaintiffs' Motion for Judicial Notice**, was served electronically via CM/ECF e-Filing upon:

    Daniel A. Edelman (courtecl@edcombs.com)
    Cathleen M. Combs (ccombs@edcombs.com)
    James O. Latturner (jlatturner@edcombs.com)
    Thomas Everett Soule (tsoule@edcombs.com)

this 22nd day of January, 2010.

                    s/ Jonathan N. Ledsky