IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH JACKSON, VAN HANTE, TERESSA DEAN, CHRISTINE SHAW, TERRALIA SHORTERS, and a class of those similarly situated, | ) ) ) ) ) | Case No. 09 C 4189 |
| Plaintiffs, | ) | Judge Virginia M. Kendall |
| v. | ) ) | |
| THE PAYDAY LOAN STORE OF ILLINOIS, INC., d/b/a PAY DAY LOAN STORE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Deborah Jackson, Van Hante, Teressa Dean, Christine Shaw and Terralia Shorters (collectively "Plaintiffs") filed suit against Defendant, The Payday Loan Store of Illinois, Inc. ("Payday Loan").  The suit alleges that certain consumer loan transactions between Plaintiffs and Payday Loan violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Regulation z of the Federal Reserve Board of Governors, 12 C.F.R. § 226.1 *et seq.*, the Consumer Installment Loan Act, 205 ILCS 670/1 *et seq.*, and the Illinois Interest Act, 815 ILCS 205/0.01 *et seq.*  Payday Loan moves to compel arbitration of Plaintiffs' claims and seeks a stay of proceedings in this Court pending the outcome of such arbitration.[1]  For the reasons set forth below, Payday Loan's Motion to Compel Arbitration and to Stay Proceedings in this Court is Granted.  Plaintiffs' Motions for Leave to File New Authority and for Judicial Notice are granted.

---

[1] The parties have stipulated that Payday Loan's Motion, which was filed on August 19, 2009 and fully briefed as of December 7, 2009, will apply to Plaintiffs' Second Consolidated Amended Complaint, filed on December 22, 2009. (R. 39.)  Pursuant to the stipulation, Payday Loan's Motion to Compel Arbitration is deemed its responsive pleading to Plaintiffs' Second Consolidated Complaint, the currently operative Complaint in this action.

## BACKGROUND

Plaintiffs, on an individual basis with the exception of Van Hante who seeks to represent a class of similarly situated persons in addition to bringing his own individual claims, allege that Payday violated the various statutes and regulations noted above by failing to properly disclose the actual annual percentage rate of interest that would be levied on certain consumer loans that Payday issued and Plaintiffs received.  Each of the loans at issue was issued pursuant to a Consumer Loan Agreement ("Agreement"), which contained the following arbitration clause:

> Any claim, dispute or controversy arising from or relating to (a) the loan made to you, (b) the actions of you, us, or third parties, or (c) the validity of this arbitration provision ("Claim") shall, upon the election by either you or us, be resolved by binding arbitration in accordance with this arbitration provision and the Code of Procedure of the applicable arbitration organization in effect when the Claim is filed. You may select the arbitration organization from the following: either the National Arbitration Forum (1-800-474-2371, www.arb-forum.com), the American Arbitration Association (1-800-778-7879, www.adr.org), or JAMS/Endispute (1-800-352-5267, www.jamsadr.com). If you do not select an arbitration organization, you agree that we may select one.

(R. 16 Ex. 2.)  The Agreement further provided that the consumer had the option to opt-out of the arbitration requirement, by sending a letter to Payday within five business days including identifying information and "a statement that you reject the arbitration agreement." (*Id.*)  The Agreement also contained a provision specifically barring the arbitration of claims on a class basis: "If arbitration is chosen, you do not have the right to have any claim arbitrated as a class action.  No joinder or consolidation of parties, except for joinder of parties to the same loan agreement, will be permitted in any arbitration." (*Id.*).

Plaintiffs do not contest that the Agreement was signed with respect to each of their loans, nor do they assert that any Plaintiff sent the required opt-out letter.

2

**STANDARD OF REVIEW**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, provides that a written arbitration agreement contained within a commercial contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."   The FAA evidences a strong federal policy favoring arbitration and "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).   Arbitration may be compelled pursuant to the FAA whenever there is a written arbitration agreement, a dispute falling with the agreement's scope, and a refusal by one of the parties to submit to arbitration.  *See Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005).

**DISCUSSION**

The loan transactions at issue here, which are loans contained within consumer contracts, fall within the scope of the FAA in general and within the specific scope of the Agreement. Nevertheless, Plaintiffs argue that arbitration is impossible under the Agreement because none of the three organizations named as possible arbitrators in the Agreement, the National Arbitration Forum ("NAF"), American Arbitration Association ("AAA"), and JAMS/Endispute ("JAMS"), are available to arbitrate this dispute.  Plaintiffs additionally argue that no substitute arbitrator can be named.  Finally, with respect to the proposed class actions claims brought by Plaintiff Van Hante, Plaintiffs argue that the Agreement's class action waiver is unconscionable and unenforceable as a matter of law.

**I.  The Availability of the Arbitrators Named in the Agreement**

### A.  The National Arbitration Forum

The NAF is barred from arbitrating any claims based on consumer loans pursuant to an agreement with the State of Minnesota, which required the NAF and related entities to completely divest themselves of "any business related to the arbitration of consumer disputes."  (R. 38 Ex. X.) The parties therefore agree that the NAF would be unable to arbitrate this dispute.

### B.  The American Arbitration Association

Plaintiffs argue that the AAA will not arbitrate this dispute for two reasons.  First, Plaintiffs assert that the AAA's moratorium on accepting new arbitrations where "the company is the filing party" will prevent the AAA from accepting this dispute, because the arbitration here is demanded by Payday Loans, and not by the individual consumers.  (R. 25 at 3.)  This is a misreading of the clear language of the moratorium.  If the Court rules that the Agreement is enforceable and that arbitration is therefore mandated, such arbitration will not occur automatically at Payday Loan's behest, but will only begin if Plaintiffs file a claim in arbitration.  *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (once a district court has ordered arbitration, a plaintiff who fails to file a claim in arbitration risks dismissal of her suit for failure to prosecute).

Plaintiffs filed a Motion for Leave to Cite New Authority on this subject after the completion of briefing on this Motion, which the Court has granted.  Plaintiffs' new authority, a recently decided case from the Circuit Court of Cook County, Illinois, found that the corporate party seeking arbitration of an individual defendant's counterclaims would be the filing party, and that the AAA's moratorium would therefore apply.  *See Quickclick Loans, LLC v. Melody A. Russell*, No. 08-M1-180139 (Cir. Ct. of Cook Cty., Ch. Div., Jan. 14, 2010).  In *Quickclick*, however, the corporate entity seeking arbitration had filed the underlying lawsuit, and the individual defendant protested

4

arbitration of her counterclaims. Thus, the case itself was one in which "the company was the filing party," wherein Quickclick apparently sought to litigate its claims in court while compelling the defendant to take her counterclaims to arbitration. Here, the individual Plaintiffs are the filing parties of the underlying suit, and the suit will proceed to arbitration only if Plaintiffs chose to file a claim there. Because any such claim for arbitration of this dispute would be filed not by Payday Loans but by the individual Plaintiffs, the AAA's moratorium will not apply.

Second, Plaintiffs point to the AAA's established due process standards for arbitration agreements, and argue that the Agreement does not meet those standards and therefore that the AAA will not administer this arbitration. The Court need not analyze the compliance of the Agreement with the AAA's standards, because even if the Agreement were in non-compliance with the AAA's due process standards on either of these grounds, there is still no certainty that the AAA will decline to administer this arbitration. The AAA has notified consumers and businesses that it "may decline to administer cases" arising under arbitration agreements that "substantially and materially deviate[]" from the due process standards, not that such agreements are automatically barred. *See AAA, Rules Updates, Consumer Arbitrations: Notice to Consumers and Businesses*, http://www.adr.org/sp.asp?id=24714. Therefore, there is no convincing evidence that the AAA will refuse to administer this arbitration.

Finally, Plaintiffs have asked the Court to take judicial notice of the fact that Payday Loan Store, in a proceeding in the Circuit Court of Cook County, stated that the AAA is not currently accepting consumer disputes. The Court grants Plaintiffs' Motion for Judicial Notice as to the fact that such a statement was made, but does not take the statements as true. *See Limestone Dev. Corp. v. Village of Lemont*, 473 F. Supp. 2d 858, 868 n.3 (N.D. Ill. 2007). Thus, Plaintiffs' new evidence

5

indicates only that Payday Loan once conceded that the AAA was not accepting consumer disputes, and that Payday Loan's motion to compel arbitration was denied. A concession on an issue that was not litigated in the prior proceeding does not bind Payday to continuing to assert, or agree to, this losing proposition in a different Court against different plaintiffs. *See Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992) (collateral estoppel requires that the issue in question have been "actually litigated and decided").

### C. JAMS/Endispute

As to the final potential forum, JAMS, Plaintiffs again argue that this dispute cannot be arbitrated because the Agreement fails to meet the organization's due process standards. The specific standard at issue is that "no party shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction." (R. 38 Ex. BB.) Plaintiffs argue that the Agreement violates this requirement because it offers either party an absolute right to elect arbitration, regardless of the nature of the claim involved. However, Plaintiffs have alleged a violation of federal law, which brings their case within the jurisdiction of the federal courts and removes it from the reach of the state small claims courts. Thus, Plaintiffs' due process right to bring their case in small claims court is not violated by the Agreement, but limited by their own Complaint. Because this case would not be "within the scope of [the small claims court's] jurisdiction" even if the Agreement had an applicable provision, JAMS's due process standards are not violated by the absence of such an option.

Because there is no certainty that either the AAA or JAMS will refuse to arbitrate this dispute, performance of the Agreement has not been rendered impossible as a matter of law. There is no evidence in the record that Plaintiffs have submitted a claim for arbitration of this dispute to

6

either the AAA or JAMS and been denied. Therefore, Plaintiffs' speculation that none of the named arbitrators will consent to administer this dispute is not sufficient to overturn the Agreement on grounds of impossibility and to therefore preclude Payday from exercising its contractual rights to arbitration.

## II. The Availability of a Substitute Arbitrator

Even if none of the three named arbitrators in the Agreement are willing to administer the arbitration of this dispute, the FAA itself provides for a mechanism by which that gap may be filled and the Agreement upheld. Section 5 of the FAA states that if, for any reason, there is "a lapse in the naming of an arbitrator or arbitrators . . . then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators . . . who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein." 9 U.S.C. § 5.

Notwithstanding this provision, Plaintiffs cite to two recent cases for the proposition that an arbitration clause may be voided where the named arbitrator is unavailable. *See Carideo v. Dell, Inc.*, 2009 WL 3485933 (W.D. Wash. Oct. 26, 2009); *Carr v. Gateway, Inc.*, 2009 WL 4263796 (Ill. App. 5th Dist. Nov. 24, 2009). Both cases involved arbitration agreements that named only one possible arbitrator, however, and in both cases it was clear that the named arbitrator (the NAF) could not handle the dispute. Where, as here, the arbitration agreement offers a choice of arbitrators, the selection of a single particular arbitrator cannot logically be so central to the agreement as to merit voiding it. The Court finds that the plain language of the FAA is more persuasive than the cases upon which Plaintiffs rely, and that a neutral arbitrator may be appointed at the parties' request should both the AAA and JAMS decline to handle this arbitration.

7

### III. The Validity of the Class Action Waiver

In addition to the individual claims brought by Plaintiffs, Plaintiff Van Hante ("Hante") seeks to represent a class of similarly situated persons who also entered into allegedly fraudulent consumer loan transactions with Payday Loans. Plaintiffs' Complaint alleges that the class action waiver contained within the Agreement is "unconscionable" and therefore unenforceable.

However, provisions in arbitration agreements barring class action arbitrations are valid and enforceable under federal law. *See Livingston v. Associates Finance, Inc.*, 339 F.3d 553, 559 (7th Cir. 2003) (where an enforceable arbitration exists, the court must enforce it in all its particulars, including a prohibition on class arbitration). Where a class action waiver is challenged as unenforceable pursuant to state law, rather than under the FAA, Illinois law mandates a case-by-case consideration of the particular waiver at issue. *See Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 279 (Ill. 2006) ("The unconscionability of class action waivers [as a matter of Illinois law] must be determined on a case-by-case basis, considering the totality of the circumstances.").

Considering the totality of the circumstances relevant to the class action waiver at issue here, the Court concludes that the waiver is enforceable. The parties agreed to the Agreement as a whole, including the waiver, and failed to opt-out as allowed by the provision for doing so described above. The Agreement allowed either party to elect arbitration, and contains a clear and legible notice to Plaintiffs that it limited certain rights, including the right to pursue a claim as a class action. Hante is therefore barred by the terms of the Agreement from bringing a claim in arbitration on a class basis.

### <u>CONCLUSION</u>

Plaintiffs have not shown that arbitration is impossible under the Agreement, because they have not proven that both the AAA and JAMS will refuse to administer the arbitration of their claims, nor have they shown that the choice of a specific arbitrator was so central to the Agreement that a substitute arbitrator could not be named. Plaintiffs must therefore submit their individual claims to arbitration. The Agreement's class action waiver is enforceable and not unconscionable, and Plaintiff Van Hante is therefore barred from submitting his class claims to arbitration.

Plaintiffs' Motions for Leave to File New Authority and for Judicial Notice are also granted. Payday Loan's Motion to Compel Arbitration is granted, and proceedings in this Court are stayed pending the outcome of any action in arbitration brought by the individual Plaintiffs.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 17, 2010